IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMIKA WATSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-CV-0063 |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**MEMORANDUM**

**O'NEILL, J.**                                                                                                        May        , 2008

Presently before the Court are the parties' cross-motions for summary judgment. The United States Magistrate Judge to whom this matter has been referred filed a Report and Recommendation (the "Report") recommending that this Court grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. After consideration of the Report and plaintiff's timely Objections thereto for the reasons set forth below I will approve and adopt the Report.

**I.      Factual and Procedural Background**

I will incorporate by reference the factual and procedural history of this matter as set forth in the Report. Briefly, however, plaintiff filed an application for Social Security Income on February 19, 2002. Plaintiff asserts that she is disabled due to obesity, the inability to sit or stand for long periods, pain in her lower back and feet, and pain after walking two blocks. Plaintiff's claim was initially denied by the ALJ on August 4, 2003. The Appeals Council subsequently denied plaintiff's request for review and plaintiff appealed to this court. On July 29, 2005, Magistrate Judge David Strawbridge issued a Report recommending that plaintiff's motion for summary judgment be granted and her claim be remanded for a rehearing. Judge Strawbridge's

recommendation was based upon his finding that there were defects in the ALJ's initial determination involving Step Three of the five-step sequential evaluation process. He recommended that plaintiff's claim be remanded for a new decision which considered her obesity. I reviewed defendant's Objections to Magistrate Judge Strawbridge's initial Report and on September 14, 2005, approved the Report, granted plaintiff's motion for summary judgment, and remanded her claim to defendant.

On March 29, 2006, the ALJ held a new evidentiary hearing. Thereafter the ALJ issued a second unfavorable decision and concluded that plaintiff was not disabled. Plaintiff filed timely exceptions to the ALJ's second decision. On November 4, 2005, the Appeals Council affirmed the ALJ's second decision and plaintiff filed her second appeal in this court on January 5, 2007. The parties subsequently filed cross motions for summary judgment. Judge Strawbridge issued the instant, second Report to which plaintiff filed timely Objections.

**II.     Scope of Review**

A district court judge may refer an appeal of a decision of the Commissioner to a magistrate judge. See, 28 U.S.C. § 636(b)(1). Within ten days after being served a copy of the magistrate judge's report and recommendation, a party may file timely and specific objections thereto. See, 28 U.S.C. § 636(b)(1)(C). The district court judge will then make a *de novo* determination of those portions of the report and recommendation to which objection is made. See id. The district court judge may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence, or recommit the matter to the magistrate judge with instructions. Id.

In reviewing the Commissioner's decision, the district court is bound by the ALJ's

findings of fact if they are supported by substantial evidence in the record. See, 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

**III.   Discussion**

In plaintiff's Objections to the instant Report she argues that the ALJ failed to properly evaluate the effect of her obesity in determining whether her impairments meet or equal a Listed Impairment. She also argues that the ALJ failed to consider her obesity in assessing her residual functioning capacity.

The parties agree that although the Social Security Administration has deleted obesity as an independent Listed Impairment it should nevertheless be considered in connection with certain other impairments of the musculoskeletal, respiratory, and cardiovascular systems for purposes of evaluating disability claims. I find that the ALJ gave due and proper consideration to Plaintiff's obesity and other impairments in considering whether she is disabled and also whether she retains the residual functioning capacity to perform sedentary work. The ALJ adequately evaluated her obesity and other impairments and his determination that her impairments did not meet or equal a Listed Impairment is supported by substantial evidence in the record.

Plaintiff argues that the ALJ improperly relied on the testimony of Dr. Rothkopf who plaintiff asserts failed to pay proper attention to the effect of plaintiff's obesity on her health and functioning. Plaintiff argues that Dr. Rothkopf did not provide any consideration of the effects of her obesity on plaintiff's joint problems, asthma, nor diabetes. Again, this Court is bound to accept the ALJ's findings of fact if they are supported by substantial evidence in the record. While plaintiff argues that Dr. Rothkopf's testimony is deficient, upon review of the entire record

I find that there is substantial evidence therein to support the ALJ's determination. In addition to Dr. Rothkopf's testimony that plaintiff's obesity in combination with her other impairments did not meet or equal a Listed Impairment the record also reflects that plaintiff was able to walk on her heels and toes, use a single cane as opposed to a walker, and is able to use public transportation and carry grocery bags. (R. at 191-192, 271). This evidence supports the ALJ's determination that plaintiff can ambulate effectively. The evidence also supports the determination that in combination plaintiff's obesity and musculoskeletal impairments do not meet a Listed Impairment.

Similarly, there is substantial evidence in the record to support the determination that plaintiff's obesity does not impact her respiratory impairments such that the combination of her impairments meet or equal a Listed Impairment. There is no evidence in the record that Plaintiff's asthma attacks occur at the severity and frequency described in Listing 3.03. Listing requires that plaintiff suffer from chronic asthmatic bronchitis or experiences attacks at least bi-monthly despite prescribed treatment. Furthermore, with respect to plaintiff's diabetes Dr. Rothkopf testified that her impairments do not meet or equal a Listed Impairment. There is no medical evidence in the record to support a contrary conclusion. Both plaintiff's asthma and diabetes are controlled when she follows prescribed treatment. (See, R. at 194). Considering the above I find that the ALJ's determination that plaintiff's impairments do not meet or exceed any of the Listed Impairments is supported by substantial evidence in the record.

Plaintiff also objects to the ALJ's determination that her testimony regarding the severity of her impairments is not fully credible. A claimant's testimony regarding her pain and inability to work is entitled to great weight, but may be rejected if an ALJ specifically addresses the

claimant's testimony in his decision, states his reasons for rejecting it, and shows support for his conclusion in the record. See, Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990); Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979). Review of the record demonstrates that the ALJ considered plaintiff's testimony, stated his reasons for rejecting portions of it, and supported his reasons with evidence in the record. Plaintiff complains that she is impaired due to pain and fatigue. Plaintiff testified that a result of pain she is unable to walk more than one block, has trouble dressing herself, and is unable to stand or sit for prolonged periods. However, the consulting examiner noted that plaintiff had an unremarkable gait, was able to dress independently, and had good sitting and standing balance. (R. at 192-193). Plaintiff also testified that her medication relieved ". . . the major pain" she experiences. (R. at 267). I do not pit plaintiff's testimony against itself or weigh it against her medical reports; the only determination I make is whether substantial evidence supports the ALJ's findings and conclusions. Based on the foregoing I conclude that the ALJ's determination that plaintiff's subjective complaints are not fully credible is supported by substantial evidence in the record.

      Finally, plaintiff claims that the ALJ did not properly consider the effects of obesity on her residual functioning capacity. However, when the ALJ questioned the vocational expert the hypothetical questions he posed considered plaintiff's limitations due to obesity. (See, R.at 277). The limitations included the need for sedentary work with the opportunity to alternate sitting and standing. The ALJ also included limitations for pushing and pulling and restrictions on work involving environmental extremes, heights, hazards, and fingering. Such limitations clearly include consideration of the impairments resulting from plaintiff's obesity. Therefore, plaintiff's objection regarding this issue is without merit.

For the foregoing reasons I will adopt the Report and Recommendation filed by the Judge Strawbridge. Plaintiff's motion for summary judgment will be denied and defendant's motion for summary judgment will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMIKA WATSON, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO.  07-CV-0063 |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this _____ day of May 2008, upon consideration of the parties' cross-motions for summary judgment, the Report and Recommendation filed by United States Magistrate Judge David R. Strawbridge, and plaintiff's Objections, **IT IS HEREBY ORDERED** that:

1) The Report and Recommendation is **APPROVED** and **ADOPTED**;

2) Defendant's motion for summary judgment is **GRANTED**;

3) Plaintiff's motion for summary judgment is **DENIED**;

4) Judgment is entered in favor of defendant and against plaintiff; and

5) The Clerk of the Court shall mark this case closed.

BY THE COURT:

/s/ Thomas N. O'Neill

THOMAS N. O'NEILL